## HOLLISTER v. DE FOREST WIRELESS TELEGRAPH CO.

(Supreme Court, Appellate Term.  June 22, 1905.)

CORPORATIONS—RIGHTS OF STOCKHOLDERS—INSPECTION OF TRANSFER BOOK—DENIAL—ACTIONS FOR PENALTY.

> A recovery cannot be sustained under Stock Corporation Law, Laws 1892, p. 1840, c. 688, § 53—requiring transfer agents of foreign corporations to exhibit the transfer book to any stockholder on demand, and prescribing a penalty for failure to do so—in the absence of evidence that the corporation is a stock corporation, and not a moneyed or railroad corporation, and that it has an office for the transaction of business or a transfer agent in the state, and that plaintiff is a stockholder.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by T. Lloyd Hollister against the De Forest Wireless Telegraph Company.  From a judgment for plaintiff, defendant appeals.  Reversed.

Argued before SCOTT, P. J., and MacLEAN and DUGRO, JJ.

Francis X. Butler, for appellant.
T. Lloyd Hollister, in pro. per.

DUGRO, J.  Plaintiff failed to show a cause of action, among other things, in that he failed to prove by competent evidence that the defendant was a stock corporation, and had an office for the transaction of business or a transfer agent in this state; that it was not a moneyed or railroad corporation; and that he was a stockholder.

The judgment must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.

SCOTT, P. J., concurs.

MacLEAN, J. (concurring). The plaintiff upon oral pleadings sought to recover a penalty under section 53 of the Stock Corporation Law, Laws 1892, p. 1840, c. 688, relying upon a certificate issued by the defendant to the Mutual Securities Company, and assigned by the latter to himself. Among other requirements of that section, he failed to show himself entitled as a stockholder to inspection of the books of the company, for section 29 of the same law recites that "no transfer of stock shall be valid as against the corporation, its stockholders and creditors for any purpose except to render the transferee liable for the debts of the corporation to the extent provided for in this chapter, until it shall have been entered in such books as required by this section, by an entry showing from and to whom transferred." This was not done.

The judgment should therefore be reversed, with costs.